UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                   CASE NO. 2:95-cr-80889
          Plaintiff,       JUDGE LAWRENCE P. ZATKOFF
                                   MAGISTRATE JUDGE PAUL J. KOMIVES

v.

MICHAEL BISCHOFF and
SUSAN M. LATOUR BISCHOFF,

          Defendants,
                                      /

## REPORT AND RECOMMENDATION IN ACCORDANCE WITH THE COURT'S APRIL 12, 2013 ORDER (Doc. Ent. 221)

**I.     RECOMMENDATION:** Having conducted an evidentiary hearing on April 25, 2013, I conclude that defendants Michael Bischoff and Susan M. Latour Bischoff have not met the document and information production requirements set forth by my March 1, 2013 order (Doc. Ent. 208), as affirmed by Judge Zatkoff in his March 25, 2013 opinion and order (Doc. Ent. 215).

**II.     REPORT:**

**A.     Background**

Currently pending in this case is the government's August 17, 2012 ex parte motion for entry of order to show cause (Doc. Ent. 186), whereby the government requests entry of "an Order To Show Cause why SUZANNE LATOUR BISCHOFF should not be held in contempt pursuant to Fed.R.Civ.P. 45(e) for failure to produce documents as required under the June 21, 2012 Subpoena."  Doc. Ent. 186 at 2.

Judge Zatkoff conducted a hearing on October 9, 2012, and the government has filed an

1

October 12, 2012 supplemental brief (Doc. Ent. 188).  During a November 27, 2012 hearing, Judge Zatkoff granted the defendants' request for a 90-day extension to try to resolve the case.

**B.     My March 1, 2013 order**

On December 14, 2012, the government filed a motion for entry of order compelling discovery and for sanctions as to Suzanne M. Latour Bischoff (Doc. Ent. 190) and a motion for entry of order compelling discovery and for sanctions as to Michael P. Bischoff (Doc. Ent. 191).

Judge Zatkoff entered an order of reference on December 20, 2012 (Doc. Ent. 192).  On January 25, 2013, I conducted a hearing.  On January 28, 2013, I entered an order (Doc. Ent. 200) compelling discovery and for sanctions.

On February 14, 2013, Judge Zatkoff entered an opinion and order (Doc. Ent. 204) directing the Clerk of the Court to strike my January 28, 2013 order (Doc. Ent. 200), because "a number of technical errors occurred with respect to the Order of Reference" to me, and referring to me for hearing and determination the motions to compel discovery and for sanctions (Doc. Entries 190 and 191).

A hearing was noticed for March 1, 2013.  Doc. Entries 206 and 207.  On the date set for hearing, AUSA T.N. Ziedas and Michael Bischoff appeared.  That same day, I entered an order (Doc. Ent. 208) compelling discovery and for sanctions which required certain information to be furnished on or before March 25, 2013, including a "Financial Statement of Debtor" from Suzanne Latour Bischoff and for either defendant to:

> . . . identify by name and federal tax identification number the corporations they testified on November 27, 2012 own or hold the twelve pizza outlets referred to in the testimony; identify those outlets by name and location; specify the extent and nature of their ownership interest in and involvement with any such corporation, individually and together and, by extension, any such outlet(s); identify which corporation(s) own which outlet(s); disclose all receipts and disbursements in

>   whatever form for calendar year 2012 for each outlet; and, disclose whatever money or property, in whatever form or however characterized, either or both of them received or became entitled to receive during 2012 from any such corporation(s) or pizza outlet(s)[.]"

Doc. Ent. 208 at 1-2.

### C.     Judge Zatkoff's March 25, 2013 Order

On March 25, 2013, Judge Zatkoff entered an opinion and order (Doc. Ent. 215) whereby he denied (1) Motion for Hearing Postponement (Docket #15 in Case No.12-50875);[1] (2) Objection to the Magistrate's Report (the "Objection") (Docket #211 in Case No. 95-80889); and (3) Motion to Hold in Abeyance Ruling on Objection to Magistrate's Report (Docket #212 in Case No. 95-80889). The order also stated:

>   IT IS FURTHER ORDERED that Defendants are required to produce financial documentation and information by April 2, 2013, or appear at a show cause hearing for contempt on April 4, 2013 if they do not timely produce such documentation and information, all as specified in the March 1, 2013 Order issued by the Magistrate Judge.

Doc. Ent. 215 at 3.

On April 3, 2013, defendant Michael Bischoff filed a motion for reconsideration (Doc. Ent. 220), which is pending before Judge Zatkoff.

### D.     The April 25, 2013 Hearing

On April 2, 2013, the government filed a supplemental brief (Doc. Ent. 218) regarding defendants' document production pursuant to the March 1, 2013 and March 25, 2013 orders for production. The following day, on April 3, 2013, the government filed a 149-page exhibit (Doc.

---

[1] *United States of America v. Michael P. Bischoff*, Case No. 2:12-cv-mc-50875-LPZ (E.D. Mich) was initiated by the government's three (3) requests for issuance of continuing writs of garnishment.

3

Ent. 219). On April 4, 2013, Judge Zatkoff ordered the exhibit to be sealed and conducted a show cause hearing.

On April 12, 2013, Judge Zatkoff referred this case to me to determine whether defendants' document production of April 2, 2013 meets the requirements of the Court's March 1, 2013 (Doc. Ent. 208) and March 25, 2013 (Doc. Ent. 215) orders. *See* Doc. Ent. 221.

A hearing was noticed for April 25, 2013. Doc. Entries 222, 223 & 224.[2] On April 25, 2013, AUSA Ziedas, Michael Bischoff and Suzanne Latour Bischoff appeared in my courtroom.

During the hearing, the government provided the Court with an indexed binder containing redacted versions of the exhibits filed under seal (Doc. Ent. 219). *See* Trans. p. 6. As indexed, these exhibits include the Financial Statement of Debtor, as well as: (A) a combined March 2013 balance sheet for Endeavor Foods Services Companies; (B) PNC online banking statements for Endeavor Companies;[3] (C) Articles of Incorporation for Endeavor Food Services, Inc. (October 29, 2012); Endeavor Central Inc. (December 19, 2012); Endeavor North Inc. (December 18, 2012); and Endeavor South Inc. (December 11, 2012); (D) N/A; (E) U.S. Corporation Income Tax Returns for 2012 for Passport Express Inc. and Passport 1 Inc.; (F)

---

[2]On April 23, 2013, defendants filed a motion to dismiss this case for outrageous conduct by the U.S. Attorney's Office for (1) illegally obtaining a copy of credit report and (2) placing personal information on the internet. *See* Doc. Ent. 226. The government filed a response the following day. Doc. Ent. 227; *see also* Doc. Ent. 228 (Exhibit).
　　This motion is not before me.

[3]This exhibit begins with a PNC Online Banking Accounts Summary, which lists deposit accounts for North Main, South Main, North Not Payroll, Central Not Payroll, Central Main, Endeavor Food Service and South Not Payroll. Among the statements provided are account activity for (a) February - April 2013 for Endeavor Food Service; (b) February - April 2013 for Central Main; (c) February - March 2013 for North Main; and (d) February - March 2013 for South Main.

Credit Card Summary for Capital One, Sam's Club Discover, and PNC; (G) the December 17, 2012 complaint in *O'Laughlin v. Passport USA, Inc.* (Case No. 2:12-cv-15519-JAC-MKM (E.D. Mich.)) and the February 14, 2013 complaint in *Performance Food Group, Inc. v. Passport 1 Inc. and Suzanne Latour* (Case No. 2:13-cv-10633-MOB-MKM (E.D. Mich.)); (H) State of Michigan Certificate of Title for a vehicle owned by Suzanne Latour, a vehicle owned by Michael Patrick Bischoff and two vehicles owned by Endeavor Food Services, Inc.; and (I) Federal Tax ID Numbers for Endeavor Food Services, Inc., Endeavor North, Inc., Endeavor Central, Inc. and Endeavor South, Inc.

Then, tracking its April 2, 2013 supplemental brief (Doc. Ent. 218), government counsel listed deficiencies which include:

a)  The Financial Statement of Debtor(s) (erroneously court-stamped as having been filed as Doc #191-2 in Case No. 2:95-cr-80889-LPZ-PJK on 12/14/12)[4] is not executed, unequivocally, as true and accurate under penalty of perjury. Instead, there is a handwritten qualification "to the best of our knowledge" inserted in the signature box.

b)  At 13 of the Financial Statement, item 10 calls for disclosure and production of any trust agreements, to which contradictory answers are given. The answer "[t]here are no such documents" is coupled with the parenthetical "non-active trust," concluding with "requesting copies as of this time [of trust documents that do not exist?]." Simultaneously, Defendants provide articles of incorporation for five corporations using "Endeavor" in their titles, all filed in October and December, 2012 by MJR Trust (an inactive trust?) as the incorporator and Suzanne Latour as

---

[4]On October 26, 2012, Suzanne Latour Bischoff was served with a subpoena to appear on November 27, 2012 with documents (Doc. Ent. 191-2 at 1-2). The blank Financial Statement of Debtor (Doc. 191-2 at 6-18) appears to have been attached to the subpoena for document production which was served upon Suzanne Latour Bischoff on October 16, 2012 (Doc. Ent. 191-2 at 4-5).

5

        the signatory.[5]

c)      The March 1, 2013 Order called for disclosure of "all receipts and disbursements in whatever form for calendar year 2012 for each outlet." No income and expense statements of any kind were provided.

           Online banking print-outs, ostensibly for PNC Bank, designate 7 deposit accounts: North Main, South Main, North Not Payroll, Central Not Payroll, Central Main, Endeavor Food Services and South Not [P]ayroll. There is no correlation between these deposit accounts, and corporate entities or locations (Suzanne Latour Bischoff having testified under oath that there were *twelve*) that were to have been designated and correlated under the March 1, 2013 Order. It cannot be determined which of Defendant's specific business operations the accounts information pertains to or what the transactions actually are. Moreover, the print-outs cover only February and March, 2013, not calendar year 2012 as required under the Order.

           Although the Defendants provided the foregoing account information, in their Financial Statement and attachments they indicated they maintain no accounts and that, essentially, they do not have or maintain financial records in general.

d)      There is no back-up documentation to determine "whatever money or property, in whatever form or however characterized, either or both [Defendants] received or became entitled to receive during 2012 from any such corporation(s) or pizza outlet(s)," as required under the Court's orders. The unsigned corporate returns for Passport Express, Inc., and Passport 1, Inc., for 2012, though showing gross receipts/sales of $1,831,673 and $548,274, respectively, reveal nothing of any income, dividends, bonuses, benefits or other compensation the Bischoffs may have received or become entitled to in 2012. Total monthly income shown on the Financial Statement is $0 against monthly expenses of what appear to be $2,350.

Doc. Ent. 218 at 2-3 (emphasis added); *see also* Trans. pp. 7-9.

    In response, defendant Susan Latour Bischoff provided the Court and government

---

[5]There were four (4) articles of incorporation produced: Endeavor Food Services, Inc.; Endeavor Central, Inc.; Endeavor North, Inc.; and Endeavor South, Inc.  They are signed by the MJR Trust and/or Ms. Latour Bischoff.

counsel with a copy of an April 23, 2013 subpoena to Chase Bank, *a.k.a.* JPMorgan Chase, for checking account records. She explained that their banking is all done online and "[i]n order to get a copy of every transaction, every check, every wire, every deposit, they charge ten dollars a piece[,]" which she estimates would total $20,000.00. *See* Trans. pp. 15-16. She also provided the Court and the government with a list of addresses of twelve (12) Passport Pizza locations which they ran in 2012 and run in 2013. *See* Trans. pp. 20-21. Furthermore, she attempted to provide the Court with a paper purporting to indicate ownership percentages in the company; however, I stated that I was "not going to accept anything that has not been furnished to Government counsel." *See* Trans. pp. 21-23.

In response, defendant Michael Bischoff requested an opportunity to "tighten up" on his production of documents, explaining that he has "a better understanding as of today of what [AUSA Ziedas] is requesting. I think a lot of the stuff we don't have. A lot of stuff we don't have that he was requesting. But the stuff that I can – you know, the stuff that he mentioned today, I had five days to put that together." He also offered to follow up on the subpoena. *See* Trans. pp. 24-25.

Both defendants explained that they assembled the 150 pages in the five to seven days between Judge Zatkoff's March 25, 2013 order (Doc. Ent. 215) and defendants' April 2, 2013 document production. *See* Trans. pp. 19, 24 and 27.

Lastly, the government had an opportunity for rebuttal. *See* Trans. pp. 27-31.

**E.     Conclusion**

Along the way, I asked Ms. Latour Bischoff, "is it your position that you have actually furnished the Government with all of the information that they have requested? Or is it your

position that you have an excuse for not furnishing the information?" She responded initially, "I believe we have, your Honor." *See* Trans. p. 20. Yet, this is belied by Ms. Latour Bischoff's April 25, 2013 discussion about the April 23, 2013 subpoena to Chase Bank, *a.k.a.* JPMorgan Chase, for checking account records (*see* Trans. pp. 15-16). Furthermore, Ms. Latour Bischoff stated:

> We don't have the bank records. . . . He is upset I don't have a personal bank account or my husband. Neither of us have personal bank accounts. He feels that is a lie. I'm sorry. We don't have money. We don't put it in the bank account. We don't have IRAs. We don't have a savings account. We don't have stocks. We don't have any of this information that he thinks we have. If I had money, your Honor, I would have an attorney. Okay? I don't have the money to pay for an attorney. That is why I am here to speak on behalf of myself and my husband.

Trans. pp. 14. She also stated that the government "is asking you to find us in contempt for things that don't exist[,]" (*see* Trans. pp. 19-20).

I also asked Mr. Bischoff "is it your position that you have furnished the Government all the information they asked for or are you simply trying to make excuses for not furnishing that information?" He initially responded, "I didn't have the stuff at the time." He explained, "I believe what I had at that moment in time I furnished[.]" Then, he stated that he did not have "a copy of the disbursements[,]" and "was trying to get the information for the disbursements which [he] didn't have." He understands why the government wants this information, but he does not have it. However, he also states that "when the subpoena comes through and they supply it, I will turn it over to [AUSA Ziedas]." Mr. Bischoff then stated, "I guess I do have an excuse that there is a couple things missing and I would be glad to . . . provide him." Mr. Bischoff requested an opportunity to provide this information "without being caught in contempt." As Mr. Bischoff admitted, "not everything that was on [AUSA Ziedas's list] was provided. But what I could

provide in five days I did, five to seven days or whenever it was[.]"  *See* Trans. pp. 25-27.

Having considered the government's April 2, 2013 supplemental brief (Doc. Ent. 218); having received a redacted version of the exhibits filed on April 3, 2013 (Doc. Ent. 219), a copy of the April 23, 2013 subpoena to Chase Bank and a list of defendants' twelve (12) stores; and having conducted an evidentiary hearing on April 25, 2013, I conclude that defendants' oral argument demonstrated, for the most part, excuses for not furnishing the information, whether the excuse is that the bank has the information, they did not understand what the government was seeking, or they only had five to seven days to provide the information, etc.  As of the April 25, 2013 hearing, defendants had not provided everything listed in the Court's March 1, 2013 order (Doc. Ent. 208), and the deficiencies set forth by the government in its April 2, 2013 supplemental brief (Doc. Ent. 218) are correct.[6]

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

---

[6] Defendants' April 25, 2013 exhibits (the April 23, 2013 subpoena to Chase and the list of twelve (12) Passport Pizza locations) do not bring defendants into compliance with the Court's March 1, 2013 (Doc. Ent. 208) and March 25, 2013 (Doc. Ent. 215) orders.

9

*Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

     Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: May 1, 2013          S/Paul J. Komives
                                        Paul J. Komives
                                        United States District Judge

     I hereby certify that a copy of the foregoing document was served upon counsel of record on May 1, 2013, by electronic and/or ordinary mail.

                                        S/Shawntel R. Jackson
                                        Case Manager