UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

MICHAEL BISCHOFF and
SUZANNE M. LATOUR BISCHOFF,

           Defendants.
                                    /

Case No. 95-80889

Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

      AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on October 18, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Defendants have filed a Motion for Reconsideration of this Court's March 25, 2013 Opinion and Order (Docket #220). Specifically, Defendants challenge the Court's rejection of Defendants' contention that Defendant Suzanne LaTour Bischoff was served at the wrong address.

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LR

7.1(h)(3).

For purposes of this Opinion, the Court will assume as true: (1) Defendants' contention that Defendant Suzanne LaTour Bischoff, at some point, "gave her name and address to this Court under oath," and (2) the address she gave to the Court under oath was not the address on Taylor Street in New Baltimore, Michigan. Even if the Court makes those assumptions, however, "correcting the defect will [NOT] result in a different disposition of the case." As Defendant Michael Bischoff testified at the March 1, 2013 hearing before Magistrate Judge Komives, Defendant Suzanne LaTour Bischoff was aware of the underlying motion to compel against her and of the hearing. More importantly, a party has an obligation to notify the Court in writing of any change in address. The fact is that Defendant Suzanne LaTour Bischoff did not notify the Court in writing, at any time, of a change of address; simply testifying at a hearing and giving an address while under oath does not put the Court on notice that there has been a change of address. In addition, where Defendant Suzanee LaTour Bischoff lives does not have any bearing on her duties to comply with validly issued subpoenas or court orders – of which she was aware and with which she has failed to comply.

Accordingly, and for the reasons set forth above, the Court DENIES Defendants' Motion for Reconsideration of this Court's March 25, 2013 Opinion and Order (Docket #220).

IT IS SO ORDERED.

S/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
United States District Judge

Dated: October 18, 2013