UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

MICHAEL BISCHOFF and
SUZANNE M. LATOUR BISCHOFF,

           Defendants.
_____/

Case No. 95-80889

Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on October 18, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is presently before the Court on the May 1, 2013 Report and Recommendation issued by Magistrate Judge Komives, wherein he recommended that the Court conclude that Defendants did not meet the document and information production requirements set forth in his March 1, 2013, Order (as affirmed by this Court in its March 25, 2013 Opinion and Order). Defendants filed objections to the Report and Recommendation, and the Government filed a response to Defendants' objections.

## II. BACKGROUND

On September 4, 1997, Judgment in a Criminal Case was entered against Defendants Suzanne LaTour Bischoff and Michael Bischoff  Suzanne LaTour Bischoff and Michael Bischoff were then, and remain, husband and wife. Suzanne LaTour Bischoff was sentenced to 18 months

in prison, and Michael Bischoff was sentenced to 30 months in prison. Joint and several restitution was ordered for the Defendants in the amount of $673,135.45. Defendant Michael Bischoff was convicted of multiple supervised release violations in 2004 and sentenced to another 24 months in prison. As of August 2012, approximately $650,000.00 of the ordered restitution remained unpaid.

Based on documents produced by the Government and Defendants' admissions, Defendants established a pizza business through a company called Passport Holdings, Ltd. d/b/a Passport Pizza ("PHL"). On June 12, 2012, the Government filed: (a) a writ of continuing garnishment as to Defendant Michael Bischoff and garnishee PHL (filed as Case No. 12-50875, the writ was sent to PHL and its resident agent, Suzanne LaTour); and (b) a writ of continuing garnishment as to Defendant Suzanne LaTour Bischoff and garnishee PHL (filed as Case No. 12-50877, this writ also was sent to PHL and its resident agent, Suzanne LaTour). On June 21, 2012, the Government served Defendant Suzanne LaTour Bischoff, the incorporator of and the resident agent for garnishee PHL, with a subpoena requiring production of certain corporate and financial documents for PHL (the subpoena was filed in this case, No. 95-80889). Suzanne Latour Bischoff and PHL failed to produce the documents or otherwise respond to the June 12, 2012, writs of continuing garnishment (with respect to both Suzanne LaTour Bischoff and Michael Bischoff) or the June 21, 2012 subpoena in June, July or August 2012.

On August 29, 2012, the Court issued three Orders to Show Cause: two against Defendant Suzanne LaTour Bischoff and PHL to appear before the Court and answer the June 12, 2012 writs of garnishment or be held in contempt for failure to answer the June 12, 2012 writs of garnishment. The third Order to Show Cause was issued against Suzanne LaTour Bischoff and PHL as to why

they should not be held in contempt for failure to respond to a June 21, 2012 subpoena for document production.  A hearing regarding the Orders to Show Cause was held on October 9, 2012.

At the October 9, 2012 hearing, Defendants claimed they had provided Government counsel with documents that were responsive to the requests for writs of garnishment and subpoena issued by the Government.  As Defendants gave such documents to Government counsel moments before the October 9, 2012 hearing, however, the Government was unable to tell the Court at the hearing whether the documents satisfied the requests made by the Government.  The Court ordered the matter continued and adjourned the hearing until November 27, 2012.

On October 12, 2012, the Government filed a "Supplemental Brief" regarding Defendants' compliance with providing the requested information.  In sum, the Government's Supplemental Brief noted that: (1) nothing Defendants had filed or presented to the Government on October 9, 2012 was responsive to the two requests for writ of garnishment, (2) the monthly bank statements for PHL were limited, and (3) Defendants' papers were "wholly unresponsive" to Defendants' activities or the information sought in the subpoena and requests for writ of garnishment.  As a result of Defendants' failure to satisfactorily answer the subpoena and requests for writ of garnishment, the Government expressed its intention to examine Defendants under oath at the November 27, 2012 show cause hearing regarding: (a) their financial affairs, (b) their income, and (c) their assets and liabilities.  Defendants did not file any additional documentation with the Court prior to the November 27, 2012 hearing.

At the November 27, 2013 hearing, both Defendants testified.  Defendants then asked the Court for a 90-day extension to try to resolve the case.  The Court granted that extension and

continued the show cause hearing until February 28, 2013.[1] In December 2012, the Government filed multiple motions to compel Defendants to produce financial documentation and information. The motions to compel were referred to, and ultimately heard by, Magistrate Judge Komives. On March 1, 2013, Magistrate Judge Komives granted the Government's motions to compel. Defendants objected to Magistrate Judge Komives' order. On March 25, 2013, the Court denied Defendants' objections to Magistrate Judge Komives' March 1, 2013 order and ordered Defendants to produce the required financial documentation and information by April 2, 2013. Alternatively, Defendants were ordered to appear at a show cause hearing for contempt on April 4, 2013 if they did not timely produce the documentation and information specified in the March 1, 2013 Order issued by Magistrate Judge Komives. On April 2, 2013, the Government filed a Supplemental Brief identifying deficiencies in the materials Defendants provided to the Government pursuant to the Court's March 25, 2013 Opinion and Order.

On April 4, 2013, the Court held a show cause hearing as to whether Defendants should be held in contempt. The Court heard the arguments of the parties and ordered that the Government's April 2, 2013 Supplemental Brief be placed under seal. The Court concluded that a determination of whether Defendants satisfied the document and information production requirements of the March 1, 2013 and March 25, 2013 Orders was necessary before ascertaining whether Defendants should be held in civil contempt. Therefore, the Court referred the issue of whether Defendants met the document and information production requirements to Magistrate Judge Komives for a Report

---

[1] The February 28, 2013 show cause hearing was eventually rescheduled to, and held on, April 4, 2013.

and Recommendation.

Magistrate Komives held an evidentiary hearing on April 25, 2013, at which all parties were present. On May 1, 2013, Magistrate Judge Komives issued a Report and Recommendation, wherein he recommended that the Court conclude Defendants did not meet the document and information production requirements set forth in his March 1, 2013, Order (as affirmed by this Court in the March 25, 2013 Opinion and Order). Defendants filed objections to the Report and Recommendation, and the Government filed a response to Defendants' objections. The Government's response includes a complete transcript of the April 25, 2013 hearing. The Court has reviewed the April 25, 2013 hearing transcript and all documents that have been docketed by the Government and/or Defendants.

### III. ANALYSIS

The Court first notes that this matter has been ongoing since 2012, when the Government first served Defendants (and one of their companies) with a subpoena and two writs of garnishment. The Court also notes that Defendants have been given multiple opportunities to satisfy the requirements of the subpoena and the writs of garnishment, including several adjournments and hearings before this Court and two hearings in front of Magistrate Judge Komives. Despite that expansive period and those numerous opportunities, however, the Court finds that Defendants have still failed to comply with the document and information requirements set forth in the subpoena and writs of garnishment.

Specifically, the Court finds that Defendants have failed to produce the information specified by Magistrate Judge Komives in his March 1, 2013, Order, and reiterated by this Court on March

25, 2013. In the March 1, 2013, Order issued by Magistrate Judge Komives, he ordered that Defendants furnish certain information on or before March 25, 2013, including a "Financial Statement of Debtor" from Defendant Suzanne Latour Bischoff and for either Defendant to:

> [1] identify by name and federal tax identification number the corporations they testified on November 27, 2012 [they] own or hold [for] the twelve pizza outlets referred to in the testimony; identify those outlets by name and location; [2] specify the extent and nature of their ownership interest in and involvement with any such corporation, individually and together and, by extension, any such outlet(s); [3] identify which corporation(s) own which outlet(s); [4] disclose all receipts and disbursements in whatever form for calendar year 2012 for each outlet; and [5] disclose whatever money or property, in whatever form or however characterized, either or both of them received or became entitled to receive during 2012 from any such corporation(s) or pizza outlet(s)[.]"

On March 25, 2013, this Court entered an opinion and order that stated, in part:

> IT IS FURTHER ORDERED that Defendants are required to produce financial documentation and information by April 2, 2013, or appear at a show cause hearing for contempt on April 4, 2013 if they do not timely produce such documentation and information, all as specified in the March 1, 2013 Order issued by the Magistrate Judge.

Like Magistrate Judge Komives, this Court finds that: (1) Defendants did not furnish all of the information required in Magistrate Judge Komives' March 1, 2013 Order (as affirmed by this Court in the March 25, 2013 Opinion and Order), and (2) Defendants' statements at the April 25, 2013 hearing consisted of unacceptable excuses for not providing the information. Notably, Defendants' claim that it was somehow Chase Bank's fault that Defendants did not satisfy their document production obligations is preposterous. Among other things, the "subpoena" Defendants issued to Chase Bank was dated less than 48 hours prior to the April 25, 2013 hearing before Magistrate Judge Komives, and it was served on a local Chase Bank branch representative.

Likewise, Defendants's claims that they did not understand what the Government was requesting or that they did not have adequate time to produce the information are not credible. Defendants have had over a year to "understand" what the Government was requesting, a period during which the Government attorney met with them on several occasions prior to and after the hearings at the Court. In addition, on at least two occasions, Defendants acknowledged to the Court that they had an accountant of some kind with them at hearings before this Court. For those reasons, the Court concludes that Defendants both had time and the ability to understand what information the Government was requesting. The Court also finds that the deficiencies in the production of information required to satisfy the Government's subpoena and writs of garnishment, as listed by the Government in its April 2, 2013 Supplemental Brief and spelled out by the Government at the April 25, 2013 hearing (and noted by Magistrate Judge Komives in the Report and Recommendation), are accurate.

The Court is not persuaded by any of Defendants' objections to the May 1, 2013 Report and Recommendation. Addressing each of Defendants' objections in the order presented, the Court finds:

(1) Defendants' conclusory statement that they complied with the Government's request for discovery is not supported by the record, as discussed above;

(2) Defendants' deficiencies were not caused by the Government constantly "changing the terms of the ... request for discovery, subpoena [etc.]," nor was the material requested by the Government "incompetent, immaterial, irrelevant or that does not exist;"

(3) Chase Bank, as discussed above, is not responsible for Defendants' failure to comply because Chase Bank did not provide documents to Defendants/the Court within 48 hours of a subpoena being given to a branch office representative;

7

(4)     The issues raised regarding the alleged misconduct by the Government attorney are not pertinent to this Opinion and are discussed in a separate opinion;

(5)     Again, Defendants' conclusory statement that they complied with discovery requirements is not supported by the record, as discussed above;

(6)     Even if Defendants' argument that their execution of certain documents was sufficiently affirmed and sworn, as they argue, the other deficiencies constitute a basis for a finding of non-compliance and contempt;

(7)     Whether a particular trust (of which at least one Defendant is a trustee) owned stock in PHL or any other corporation may be relevant in making a determination regarding Defendants' financial conditions;

(8)     Defendants' contention that all their money for the twelve stores went into one account may be accurate, however, the Government asked for "receipts and disbursements" for each of the twelve stores and Defendants have not produced any such records;

(9)     Defendants' contention that the Government attorney refused service of documents at the April 25, 2013 hearing is erroneous, as the Government attorney only told Defendants that the matter should be addressed on the record before the Magistrate Judge and, when such matter was heard and addressed, and the Government attorney accepted service of the documents at the hearing;

(10)    Defendants were not entitled to a sur-rebuttal, as it was within the Magistrate Judge's discretion whether to hear more from Defendants; and

(11)    Defendants were to submit signed IRS tax returns and they did not; therefore, such failure may be considered in finding that Defendants failed to comply with the document production requirements of the Government.

Therefore, for the reasons stated above, the Court concludes that Defendants have not met the document and information production requirements of the Government and as ordered by this Court. Furthermore, as Defendants have failed to satisfy the document production requirements of the Government, as set forth in the June 12, 2012 writs of garnishment and the June 21, 2012 subpoena, and as subsequently ordered by this Court, the Court also finds that Defendants are in

civil contempt for failure to comply with the Government's subpoena and writs of garnishment and the Court's order to produce documents.  As all findings of contempt in this case stem from the Government's attempts to obtain documents from Defendants, and the request to hold Defendants in contempt was made and pursued by the Government, the Government shall identify the punishment it believes should be imposed on Defendants for their contempt.  The Government shall notify the Court and Defendants of the punishment it proposes for Defendants' contempt within 14 days of the date of this Opinion and Order and Defendants shall have 14 days after being served by the Government to file a response with the Court.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, the Court ADOPTS the May 1, 2013 Report and Recommendation issued by Magistrate Judge Komives and concludes that Defendants are in civil contempt for failure to comply with the June 12, 2012 writs of garnishment and the June 21, 2012 subpoena issued by the Government and the March 1, 2013 and March 25, 2013 Orders of the Court.  The Court hereby ORDERS the Government to notify the Court, in writing, within 14 days of the date of this Opinion and Order what the Government desires as punishment for Defendants' contempt and ORDERS the Government to serve each Defendant with a copy of such filing promptly

thereafter. Defendants shall have 14 days from the date they are served to file a response with the Court regarding the Government's proposed punishment.

    IT IS SO ORDERED.

                                                  <u>S/Lawrence P. Zatkoff</u>
                                                  LAWRENCE P. ZATKOFF
                                                  United States District Judge

Dated: October 18, 2013