UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,            Case No. 95-80889

v.

                                     Hon. Lawrence P. Zatkoff

MICHAEL BISCHOFF and
SUZANNE M. LATOUR BISCHOFF,

                Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on October 18, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is presently before the Court on Defendants' Motion to Dismiss Case for Outrageous Conduct by the U.S. Attorney's Office (Docket #226). The Government has filed a response. Defendants did not file a reply. The Court finds that the facts and legal arguments pertinent to the motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments. For the reasons that follow, Defendants' motion is denied.

## II. BACKGROUND

The Court recently set forth an extensive history of this case in an Opinion and Order dated

October \_\_\_, 2013, and the Court incorporates such history into this Opinion by reference and as if fully stated herein. In addition, the Court notes the following facts.

On September 4, 1997, Judgment in a Criminal Case was entered against both Defendants, at which time joint and several restitution of approximately $673,000 was ordered against them. In 2012, the Government was actively seeking to recover approximately $650,000 in restitution still owed by Defendants. It is undisputed that the Government obtained one or more credit reports of Defendants in seeking to determine Defendants' financial ability to repay their restitution.

After several hearings before this Court, on March 25, 2013, the Court ordered Defendants to produce certain required financial documentation and information to the Government by April 2, 2013. Alternatively, Defendants were ordered to appear at a show cause hearing for contempt on April 4, 2013 if they did not timely produce such documentation and information. On April 2, 2013, the Government filed a Supplemental Brief identifying deficiencies in the materials Defendants provided to the Government pursuant to the Court's March 25, 2013 Opinion and Order. On April 3, 2013, the Government filed on the Court docket "Exhibit One" to the Supplemental Brief. Exhibit One consisted of all the documentation Defendants had provided to the Government pursuant to the Court's March 25, 2013 Opinion and Order. Some of the documentation within Exhibit One contained confidential information of Defendants (*e.g.*, social security numbers, dates of birth, etc.) that is to be redacted by a party before placing documents on the Court's docket.

### III. ANALYSIS

**A.    Credit Reports**

Defendants' contention that the Court should dismiss the Government's attempts to collect

restitution because the Government obtained one or more credit reports of Defendant(s) is baseless. As the Government states, Congress has granted certain governmental agencies such as the U.S. Attorney's Office authority to obtain, access and use consumer credit reports. *See* 31 U.S.C. §§ 3711(h)(1)&(2) (referencing 15 U.S.C. § 1681b(a)(3)(A)).  Accordingly, the Court denies Defendants' motion as it relates to the alleged improper access of credit report(s) by the Government.

**B.    Personal Information on the Docket**

Defendants next contend that the Government's attempts to collect restitution should be dismissed because the Government attorney filed a document that contained personal information of Defendants, in contravention of applicable law.  The Government attorney acknowledged at the April 4, 2013 hearing before this Court that he failed to redact certain personal information of Defendants when filing the document.  Accordingly, the Court ordered the document to be filed under seal and the document was immediately placed under seal.  As a result, the personal information was on the public docket for a period of less than 24 hours.

The Court is not persuaded that the restitution owed by Defendants should be dismissed based on Defendants' personal information being placed on the public docket. First, the information was available for public viewing only by ECF/Pacer filers (and not the general public) for a period of less than 24 hours.  Second, the Government attorney has explained how and why the personal information was placed on the public docket.  He represented to the Court that putting the unredacted information on the docket was an inadvertent mistake that occurred in his rush to get the information on the Court docket prior to the April 4, 2013 hearing.  The Court has no reason to question the sincerity of the Government attorney's representation, as he had a very limited period

3

of time between when he received the documents from Defendants and the date of the hearing. Third, the restitution in this case is owed to a third-party (Comerica Bank), not the Government. Therefore, any dismissal of Defendants' restitution obligations would unfairly penalize Comerica Bank for the Government's error. Fourth, the Court does not have the authority to dismiss Defendants' restitution obligations in this case. *See* 18 U.S.C. §§ 3663A(a)(1), 3663A(c)(1)(A)(ii).

Accordingly, the Court denies Defendants' motion to dismiss based on the Government's mistake of temporarily placing personal information on the public docket.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court DENIES Defendants' Motion to Dismiss Case for Outrageous Conduct by the U.S. Attorney's Office (Docket #226).

IT IS SO ORDERED.

 S/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
United States District Judge

Dated: October 18, 2013