UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,          Case No. 95-80889

v.

                                       Hon. Lawrence P. Zatkoff

MICHAEL BISCHOFF and
SUZANNE M. LATOUR BISCHOFF,

                Defendants.
                                   /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on December 18, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is presently before the Court for the purpose of the imposition of sanctions against Defendants based on the Court's findings that Defendants were "in civil contempt for failure to comply with the Government's subpoena and writs of garnishment and the Court's order to produce documents." *See* Docket #234. Pursuant to the Court's Order, the Government has filed a recommendation regarding punishment for Defendants' civil contempt, to which Defendants have responded and the Government has replied.

## II. BACKGROUND

On September 4, 1997, Judgment in a Criminal Case was entered against Defendants Suzanne LaTour Bischoff and Michael Bischoff. Suzanne LaTour Bischoff and Michael Bischoff

were then, and remain, husband and wife. Suzanne LaTour Bischoff was sentenced to 18 months in prison, and Michael Bischoff was sentenced to 30 months in prison. Joint and several restitution was ordered for the Defendants in the amount of $673,135.45. Defendant Michael Bischoff was convicted of multiple supervised release violations in 2004 and sentenced to another 24 months in prison. As of August 2012, approximately $650,000.00 of the ordered restitution remained unpaid.

Based on documents produced by the Government and Defendants' admissions, Defendants established a pizza business through a company called Passport Holdings, Ltd. d/b/a Passport Pizza ("PHL"). On June 12, 2012, the Government filed: (a) a writ of continuing garnishment as to Defendant Michael Bischoff and garnishee PHL (filed as Case No. 12-50875, the writ was sent to PHL and its resident agent, Suzanne LaTour); and (b) a writ of continuing garnishment as to Defendant Suzanne LaTour Bischoff and garnishee PHL (filed as Case No. 12-50877, this writ also was sent to PHL and its resident agent, Suzanne LaTour). On June 21, 2012, the Government served Defendant Suzanne LaTour Bischoff, the incorporator of and the resident agent for garnishee PHL, with a subpoena requiring production of certain corporate and financial documents for PHL (the subpoena was filed in this case, No. 95-80889). Suzanne Latour Bischoff and PHL failed to produce the documents or otherwise respond to the June 12, 2012, writs of continuing garnishment (with respect to both Suzanne LaTour Bischoff and Michael Bischoff) or the June 21, 2012 subpoena in June, July or August 2012.

On August 29, 2012, the Court issued three Orders to Show Cause: two against Defendant Suzanne LaTour Bischoff and PHL to appear before the Court and answer the June 12, 2012 writs of garnishment or be held in contempt for failure to answer the June 12, 2012 writs of garnishment. The third Order to Show Cause was issued against Suzanne LaTour Bischoff and PHL as to why

they should not be held in contempt for failure to respond to a June 21, 2012 subpoena for document production.  A hearing regarding the Orders to Show Cause was held on October 9, 2012.

At the October 9, 2012 hearing, Defendants claimed they had provided Government counsel with documents that were responsive to the requests for writs of garnishment and subpoena issued by the Government.  As Defendants gave such documents to Government counsel moments before the October 9, 2012 hearing, however, the Government was unable to tell the Court at the hearing whether the documents satisfied the requests made by the Government.  The Court ordered the matter continued and adjourned the hearing until November 27, 2012.

On October 12, 2012, the Government filed a "Supplemental Brief" regarding Defendants' compliance with providing the requested information.  In sum, the Government's Supplemental Brief noted that: (1) nothing Defendants had filed or presented to the Government on October 9, 2012 was responsive to the two requests for writ of garnishment, (2) the monthly bank statements for PHL were limited, and (3) Defendants' papers were "wholly unresponsive" to Defendants' activities or the information sought in the subpoena and requests for writ of garnishment.  As a result of Defendants' failure to satisfactorily answer the subpoena and requests for writ of garnishment, the Government expressed its intention to examine Defendants under oath at the November 27, 2012 show cause hearing regarding: (a) their financial affairs, (b) their income, and (c) their assets and liabilities.  Defendants did not file any additional documentation with the Court prior to the November 27, 2012 hearing.

At the November 27, 2012 hearing, both Defendants testified.  Defendants then asked the Court for a 90-day extension to try to resolve the case.  The Court granted that extension and

3

continued the show cause hearing until February 28, 2013.[1] In December 2012, the Government filed multiple motions to compel Defendants to produce financial documentation and information. The motions to compel were referred to, and ultimately heard by, Magistrate Judge Komives. On March 1, 2013, Magistrate Judge Komives granted the Government's motions to compel. Defendants objected to Magistrate Judge Komives' order. On March 25, 2013, the Court denied Defendants' objections to Magistrate Judge Komives' March 1, 2013 order and ordered Defendants to produce the required financial documentation and information by April 2, 2013. Alternatively, Defendants were ordered to appear at a show cause hearing for contempt on April 4, 2013 if they did not timely produce the documentation and information specified in the March 1, 2013 Order issued by Magistrate Judge Komives. On April 2, 2013, the Government filed a Supplemental Brief identifying deficiencies in the materials Defendants provided to the Government pursuant to the Court's March 25, 2013 Opinion and Order.

On April 4, 2013, the Court held a show cause hearing as to whether Defendants should be held in contempt. The Court heard the arguments of the parties and ordered that the Government's April 2, 2013 Supplemental Brief be placed under seal. The Court concluded that a determination of whether Defendants satisfied the document and information production requirements of the March 1, 2013 and March 25, 2013 Orders was necessary before ascertaining whether Defendants should be held in civil contempt. Therefore, the Court referred the issue of whether Defendants met the document and information production requirements to Magistrate Judge Komives for a Report and Recommendation.

---

[1] The February 28, 2013 show cause hearing was eventually rescheduled to, and held on, April 4, 2013.

Magistrate Komives held an evidentiary hearing on April 25, 2013, at which all parties were present. On May 1, 2013, Magistrate Judge Komives issued a Report and Recommendation, wherein he recommended that the Court conclude Defendants did not meet the document and information production requirements set forth in his March 1, 2013, Order (as affirmed by this Court in the March 25, 2013 Opinion and Order). Defendants filed objections to the Report and Recommendation, and the Government filed a response to Defendants' objections. The Government's response includes a complete transcript of the April 25, 2013 hearing. The Court reviewed the April 25, 2013 hearing transcript and all documents that had been docketed by the Government and/or Defendants prior to October 18, 2013.

Based on the foregoing, in an Opinion and Order dated October 18, 2013, the Court: (1) held Defendants "in civil contempt for failure to comply with the Government's subpoena and writs of garnishment and the Court's order to produce documents," and (2) ordered the parties to brief the issue of what sanctions should be imposed on Defendants for their civil contempt. *See* Docket #234.

### III. ANALYSIS

The Court first notes that this matter has been ongoing since 2012, when the Government first served Defendants (and one of their companies) with a subpoena and two writs of garnishment. The Court also notes that Defendants have been given multiple opportunities to satisfy the requirements of the subpoena and the writs of garnishment, including several adjournments and hearings before this Court and two hearings in front of Magistrate Judge Komives. Despite that expansive period and those numerous opportunities, Defendants have not complied with the document and information requirements set forth in the subpoena and writs of garnishment. In

addition, the Court notes that Defendants have not supplied the Court (or, apparently, the Government) with any additional documentation since the Court issued the October 18, 2013 Opinion and Order finding Defendants in civil contempt.

The Government proposes that the Court impose the following sanctions, in the order set forth below:

1. Within 30 days of the entry of this Opinion and Order, Defendants must either: (a) produce and deliver to the Court "documents, books and records as required under the prior orders of the Court to the Court's satisfaction or "show by categorical and detailed evidence that they are unable to comply," or (b) enter into and pay in full a lump sum settlement with Comerica Bank for the underlying restitution debt.

2. In the event Defendants satisfy part 1(a) above, the Government would reserve the right to continue to pursue the underlying enforcement proceedings to collect the restitution debt or initiate any new or different enforcement proceeding to collect such debt that is permitted by law.

3. In the event Defendants satisfy part 1(b) above, the Government would stipulate to asking the Court to dismiss the contempt proceedings against Defendants and discontinue enforcement of restitution in this case.

4. In the event Defendants do not comply with either part 1(a) or part 1(b) above, one of the Defendants must report to the United States Marshal for incarceration on the 31st day after the entry of this Opinion and Order, and one of the Defendants must remain incarcerated until such time as part 1(a) or part 1(b) is satisfied, as determined by the Court; provided that the incarcerated Defendant shall have access to cellular telephone and internet access for purpose of complying with part 1(a) and/or part 1(b) above.

Defendants' response presumes that the Government is, first and foremost, seeking incarceration of both Defendants. Defendants then briefly state that the Government's proposal "spares no quarter in suggesting severe and inappropriate sanction(s) that would not further the 'ends of justice' or the case law requirement that the contempt actions be 'remedial' in nature" and cite limited case law in support of their argument that contempt actions are to be remedial in nature. The balance of Defendants' response consists of arguments Defendants have raised before this Court

with respect various aspects of the proceedings against them related to obtaining Defendants' books and records, as detailed in Section II. above. The Court has previously rejected those arguments and, to the extent that the arguments could be considered requests for reconsideration, such arguments are untimely and fail to identify a palpable defect by which the Court or the parties have been misled. As such, the Court rejects all such previously raised arguments.

The Court has reviewed the entire history of this case, including: (1) notes from Defendants' trial, (2) sentencing notes, (3) the conduct of Defendants since being released from their terms of incarceration on their original sentences – which included multiple violations of the terms of supervised release by Defendant Michael Bischoff that resulted in an additional term of incarceration for him, (4) the failure of Defendants to produce the books and records that the Government has been seeking for nearly 18 months, and (5) the failure of Defendants to comply with the Court's orders, all as detailed above and in prior opinions of this Court and Magistrate Judge Komives. Based on that history and Defendants' actions (and/or inactions) with respect to the matters presently before the Court, the Court concludes that simply ordering Defendants to produce the books and records by a certain date, without more, would not adequately prompt Defendants to comply with the subpoena request or the writs of garnishment issued by the Government, nor would it adequately prompt Defendants to comply with orders of the Court. As discussed above, Defendants have repeatedly and consistently failed to abide by the laws of the United States and orders of this Court. Therefore, the Court concludes that any sanctions to be imposed for Defendants' civil contempt must include a greater penalty than simply being called back into court or the imposition of a fine that is, based on Defendants' history, unlikely to be paid. Rather, the Court concludes that a term of incarceration must be a part of the sanctions, at least in the event the Defendants do not promptly

comply with what they have repeatedly been requested and ordered to do.

Accordingly, for the reasons set forth above, the Court concludes that the following sanctions, all of which are remedial in nature, are to be imposed on Defendants for their civil contempt, as previously determined by this Court:

1. Each Defendants shall serve a 30 day term of incarceration in the custody of the United States Marshal Service, as follows:

    A. Defendant Michael Bischoff shall report to the United States Marshal Service at the Theodore Levin United States Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, at 12:00 p.m. on January 24, 2014, at which time he shall be incarcerated for a period of 30 days; and

    B. Defendant Suzanne M. LaTour Bischoff shall report to the United States Marshal Service at the Theodore Levin United States Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, at 12:00 p.m. on February 27, 2014, at which time she shall be incarcerated for a period of 30 days; and

    C. In the event that Defendant Michael Bischoff and/or Defendant Suzanne M. LaTour Bischoff fails to report to the United States Marshal Service at the respective date, time and location ordered above, the Government shall immediately present the Court with a warrant for arrest for the defendant who has failed to report as directed herein.

2. If, however, the Court determines (after receiving input from the Government on or before January 21, 2014) that Defendants provided, on or before January 17, 2014, both the Government and the Court with all the documents Defendants were ordered to produce in the March 1, 2013 Order issued by Magistrate Judge Komives (as affirmed by this Court on March 25, 2013), the Court shall enter an Order that Defendants will not have to serve the terms of incarceration set forth in part 1.A. and part 1.B. above. In order to be clear, Defendants must produce to the Government and the Court on or before January 17, 2014, ALL of the documents listed below in

      order to avoid serving the terms of incarceration set forth in part 1.A. and part 1.B.

      above:

      A.     Defendant Suzanne M. Latour Bischoff must produce a "Financial Statement of Debtor;" and

      B.     Either Defendant or both Defendants must:

      "[1] identify by name and federal tax identification number the corporations they testified on November 27, 2012 [they] own or hold [for] the twelve pizza outlets referred to in the testimony; identify those outlets by name and location; [2] specify the extent and nature of their ownership interest in and involvement with any such corporation, individually and together and, by extension, any such outlet(s); [3] identify which corporation(s) own which outlet(s); [4] disclose all receipts and disbursements in whatever form for calendar year 2012 for each outlet; and [5] disclose whatever money or property, in whatever form or however characterized, either or both of them received or became entitled to receive during 2012 from any such corporation(s) or pizza outlet(s)[.]"

As the Court has held Defendants in contempt for failure to comply with the subpoena and writs of garnishment and orders of the Court, the Court shall not, as the Government proposes, impose an indefinite sentence that, based on the Government's proposal, could continue for the rest of Defendants' lives. Instead, the Court has imposed the sanctions set forth above because they address and punish Defendants for the conduct for which the Court has found Defendants to be in civil contempt. Significantly, the Court notes that the Government has not asked the Court to make a finding that Defendants have failed to comply with the terms of their supervised release conditions. Therefore, the Court has not addressed that issue in conjunction with the matters that have been brought before the Court to date.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby IMPOSES THE FOLLOWING SANCTIONS AGAINST DEFENDANTS BECAUSE OF THEIR CIVIL CONTEMPT, AS PREVIOUSLY DETERMINED BY THIS COURT:

1. Each Defendants shall serve a 30 day term of incarceration in the custody of the United States Marshal Service, as follows:

    A. Defendant Michael Bischoff shall report to the United States Marshal Service at the Theodore Levin United States Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, at 12:00 p.m. on January 24, 2014, at which time he shall be incarcerated for a period of 30 days; and

    B. Defendant Suzanne M. LaTour Bischoff shall report to the United States Marshal Service at the Theodore Levin United States Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, at 12:00 p.m. on February 27, 2014, at which time she shall be incarcerated for a period of 30 days; and

    C. In the event that Defendant Michael Bischoff and/or Defendant Suzanne M. LaTour Bischoff fails to report to the United States Marshal Service at the respective date, time and location ordered above, the Government shall immediately present the Court with a warrant for arrest for the defendant who has failed to report as directed herein.

2. If, however, the Court determines (after receiving input from the Government on or before January 21, 2014) that Defendants provided, on or before January 17, 2014, both the Government and the Court with all the documents Defendants were ordered to produce in the March 1, 2013 Order issued by Magistrate Judge Komives (as affirmed by this Court on March 25, 2013), the Court shall enter an Order that Defendants will not have to serve the terms of incarceration set forth in part 1.A. and part 1.B. above. In order to be clear, Defendants must produce to the Government and the Court on or before January 17, 2014, ALL of the documents listed below in order to avoid serving the terms of incarceration set forth in part 1.A. and part 1.B.

above:

A. Defendant Suzanne M. Latour Bischoff must produce a "Financial Statement of Debtor;" and

B. Either Defendant or both Defendants must:

"[1] identify by name and federal tax identification number the corporations they testified on November 27, 2012 [they] own or hold [for] the twelve pizza outlets referred to in the testimony; identify those outlets by name and location; [2] specify the extent and nature of their ownership interest in and involvement with any such corporation, individually and together and, by extension, any such outlet(s); [3] identify which corporation(s) own which outlet(s); [4] disclose all receipts and disbursements in whatever form for calendar year 2012 for each outlet; and [5] disclose whatever money or property, in whatever form or however characterized, either or both of them received or became entitled to receive during 2012 from any such corporation(s) or pizza outlet(s)[.]"

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
United States District Judge

Dated: December 18, 2013