UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL BISCHOFF and
SUZANNE M. LATOUR BISCHOFF,

        Defendants.
_____/

Case No. 95-80889

Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on January 22, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

On December 31, 2013, Defendants filed a Motion for Reconsideration/Rehearing of 12/18/13 Order Consolidated with Motion to Appoint Attorney, etc. (Docket #242), together with a Supplemental Motion for Rehearing/Reconsideration (Docket #243), and a Motion for Order to Compel (Docket #243). After the Court ordered the Government to respond to Defendants' Motion for Reconsideration and an opportunity to respond to the Motion for Order to Compel, the Government filed a response. Defendants have filed a reply brief.

**II.  BACKGROUND**

On January 28, 1997, after a jury trial, Defendants were found guilty of, inter alia, bank fraud. As part of Defendants' sentences, they were ordered to pay joint and several restitution of $673,135.45.

Defendants' convictions and sentences were affirmed by the Sixth Circuit on August 19, 1999. To determine Defendants' ability to pay restitution, the Government issued a subpoena and writs of garnishment in July 2012. After many hearings and many filings, the Court ordered Defendants to produce specific financial documents and information. *See* Magistrate Judge Komives' March 1, 2013 Order and this Court's March 25, 2013, Opinion and Order denying Defendants' objections to Magistrate Judge Komives' March 1, 2013 Order and ordering Defendants to produce the required financial documentation and information. Defendants did not produce the required financial documentation and information over the next six months and, in an Opinion and Order dated October 18, 2013, the Court: (1) held Defendants "in civil contempt for failure to comply with the Government's subpoena and writs of garnishment and the Court's order to produce documents," and (2) ordered the parties to brief the issue of what sanctions should be imposed on Defendants for their civil contempt. On December 18, 2013, the Court issued an Opinion and Order imposing sanctions of 30 days' incarceration for each of the Defendants, unless they produced the required financial documentation and information to the Court and the Government on or before January 17, 2014.

Since the December 18, 2013, Opinion and Order was issued by the Court, Defendants have filed the motions noted at the outset of this Opinion. In addition, Defendants filed some documents with the Court pursuant to the Court's December 18, 2013, Opinion and Order, on or about January 8, 2014. No additional financial documentation or information was filed with the Court or the Government. The Court forwarded copies of those documents to the Government because Defendants were also supposed to, but did not, serve such documents on the Government, pursuant to the Court's December 18, 2013, Opinion and Order. As discussed below, the Government finds the documents and information provided by Defendants to be inadequate to avoid serving the terms

2

of incarceration.

### III. ANALYSIS

**A.     Appointment of Counsel**

The constitutional right to counsel ends with the first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). New charges have not been filed against Defendants. Defendants have not identified any legal authority that indicates they are entitled to have court-appointed counsel with respect to the Writs of Garnishment or the subpoena that was issued. Defendants also have not cited any authority to support their request for counsel in conjunction with the civil contempt proceedings that are ongoing against them. Defendants have repeated asserted they are indigent, including on the record at a November 27, 2012, hearing before the undersigned. Even if the Court were to find that Defendants have a right to appointed counsel if they are indigent, however, the law does not provide for the appointment of legal representation absent evidence of indigence. Defendants have supplied the Court with no documentation to support those assertions of indigence, even though they have the burden of demonstrating to the Court that they are indigent. Accordingly, the Court will not appoint counsel for Defendants at this time, even if Defendants are, in fact, indigent.

**B.     Attorney-Client Privilege**

Defendants' assertion of the right to attorney-client privilege is misplaced. As the Government noted, "if the writing has been in the possession of the client or his agents and was therefore subject to discovery, it seems axiomatic that the client cannot secure any exemption for the document by sending it to any attorney to be placed in his files." 1 McCormick on Evidence § 96 (7th Ed.). *See also Commercial Credit Corp. v. Repper*, 309 F.2d 97, 98 (6th Cir. 1962). The

financial records of Defendants (and/or the entities in which they have an ownership interest) are not protected by attorney-client privilege – they are documents produced by financial institutions. The Court also notes that no attorney has entered an appearance on behalf of Defendants in this matter. As such, the Court rejects any request for relief Defendants are seeking on the basis of attorney-client privilege.

### C.    Innocent 3rd Party Shareholder Rights

Defendants argue that an "innocent 3rd party intervener has entered an appearance asserting [its] 5th Amendment right to Due Process in reference to the documents at issue before same can be produced." A review of the docket shows that there has been no motion filed by anyone other than the parties to this case. Moreover, any such motion would be futile as the documents that must be produced in this matter are financial documents of Defendants and entities in which Defendants' have a direct or indirect ownership. Defendants have been ordered to produce such documents pursuant to the Writs of Garnishment and subpoenas issued by the Government, as well as multiple Orders of the Court, as addressed repeatedly in prior opinions issued by Magistrate Judge Komives and the undersigned. Accordingly, the Court rejects any request for relief sought by Defendants on the basis of "innocent 3rd party shareholder rights."

### D.    60 Day Extension

In its Motion for Reconsideration, Defendants asked for a 60-day extension before the contempt order goes into effect to address the issues related thereto and produce the documents required thereunder. In its Supplemental Motion for Reconsideration, after having received notice from JPMorgan Chase Bank, N.A. that it would produce documents to Defendants on January 24, 2014, Defendants asked for 30 days' extension (until February 16, 2014) to produce the

documentation the Court had ordered and found Defendants to be in civil contempt for failing to produce.

The Government opposes the request for extension, noting that Defendants have had nearly 18 months to produce the financial documents and information at issue. In addition, the Government notes that the Court ordered Defendants to produce such documents over 10 months ago and that Defendants have been on notice that incarceration was a possibility for their civil contempt for at least two months, when the Government first proposed such sanctions. The Government has also filed a supplemental brief to address the documents submitted by Defendants to the Court on or about January 8, 2014. The Government states, and the Court agrees, that the documents produced are woefully inadequate to satisfy the requirements of the Court's December 18, 2013, Opinion and Order (as well as previous Opinions and Orders of this Court).

Significantly, the Court finds the inadequacy of Defendant's document production is not limited to those documents that *may* be premised on receiving documentation from JPMorgan Chase Bank, N.A.; in fact, many of the deficiencies are in the documents already produced. For example, (1) there are several tax returns submitted by Defendants but all of them are unsigned, are not sworn as true, and there is no evidence they were filed; (2) the "Personal Financial Statement" of Suzanne LaTour Bischoff does not contain all information that the Court has ordered her to produce; (3) no receipts or disbursements for any pizza outlet have been produced, and (4) Defendants have not provided any information or documentation that shows the income, dividends, bonuses or other compensation Defendants may have received or were entitled to receive in 2012. For all of these reasons, and many more, Defendants have failed to satisfy the December 18, 2013, requirements set forth by the Court to avoid incarceration (even if the Court overlooks the production requirements

that Defendants <u>may</u> be able to satisfy upon receipt of records from JPMorgan Chase Bank, N.A.).

Based on the foregoing, the Court finds that Defendants have failed to comply with the requirements they needed to meet in order to avoid incarceration as a sanction for their criminal contempt, as set forth in the December 13, 2013, Opinion and Order. Notwithstanding the foregoing, however, the Court shall allow Defendants a brief extension of time to comply in full with those requirements based on the letter from JPMorgan Chase Bank, N.A. dated January 3, 2014, which states, in part: "JP Morgan Chase Bank, N.A. will not be able to produce the documents requested until January 24, 2013 [sic], due to the amount of information requested." As Defendants suggest that these documents will assist them in complying with the financial documentation and information requirements, and as they claim to not have typical corporate documentation at this time, the Court will allow Defendant the opportunity to utilize the information it seeks from JPMorgan Chase Bank, N.A., pursuant to the terms of the letter identified above. In addition, as the point of the Government's Writs of Garnishment and subpoena was to enable the Government to determine Defendants' financial ability to pay restitution, the Court finds that the production of such documents may assist the Government in doing so.

Accordingly, for the reasons set forth above, the Court hereby grants, in part, Defendants request for an extension of time in which to produce ALL of the documents required by the Court, as set forth in the December 18, 2013, Opinion and Order (as well as previous Opinions and Orders of the Court). Specifically, the Court amends the timing of the sanctions (but not the substance of the sanctions) set forth in the December 18, 2013, Opinion and Order, as follows:

1. Each Defendants shall serve a 30 day term of incarceration in the custody of the United States Marshal Service, as follows:

    A.    Defendant Michael Bischoff shall report to the United States Marshal Service at the Theodore Levin United States Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, at 12:00 p.m. on February 14, 2014, at which time he shall be incarcerated for a period of 30 days; and

    B.    Defendant Suzanne M. LaTour Bischoff shall report to the United States Marshal Service at the Theodore Levin United States Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, at 12:00 p.m. on March 21, 2014, at which time she shall be incarcerated for a period of 30 days; and

    C.    In the event that Defendant Michael Bischoff and/or Defendant Suzanne M. LaTour Bischoff fails to report to the United States Marshal Service at the respective date, time and location ordered above, the Government shall immediately present the Court with a warrant for arrest for the defendant who has failed to report as directed herein.

2.    If, however, the Court determines (after receiving input from the Government on or before February 11, 2014) that Defendants provided, on or before February 7, 2014, **both the Government and the Court** with all the documents Defendants were ordered to produce in the March 1, 2013 Order issued by Magistrate Judge Komives (as affirmed by this Court on March 25, 2013), the Court shall enter an Order that Defendants will not have to serve the terms of incarceration set forth in part 1.A. and part 1.B. above. Absent the issuance of such an Order by the Court, Defendants must report to the United States Marshal Service as set forth in Paragraph 1 above. In order to be clear, to avoid serving the terms of incarceration set forth in part 1.A. and part 1.B. above, Defendants must produce **to the Government and the Court** on or before February 7, 2014, all the documents Defendants were ordered to produce in the March 1, 2013 Order issued by Magistrate Judge Komives (as affirmed by this Court on March 25, 2013) and all such documents must be produced in compliance with the terms set forth by Magistrate Judge Komives in his March 1,

7

2013 Order (including, among other things, the requirement that many of the documents must be executed under penalty of perjury). Such documents include, but are not necessarily limited to, ALL of the documents listed below:

A. Defendant Suzanne M. Latour Bischoff must produce a "Financial Statement of Debtor;" and

B. Either Defendant or both Defendants must:

"[1] identify by name and federal tax identification number the corporations they testified on November 27, 2012 [they] own or hold [for] the twelve pizza outlets referred to in the testimony; identify those outlets by name and location; [2] specify the extent and nature of their ownership interest in and involvement with any such corporation, individually and together and, by extension, any such outlet(s); [3] identify which corporation(s) own which outlet(s); [4] disclose all receipts and disbursements in whatever form for calendar year 2012 for each outlet; and [5] disclose whatever money or property, in whatever form or however characterized, either or both of them received or became entitled to receive during 2012 from any such corporation(s) or pizza outlet(s)[.]"

**E. Motion to Compel**

Defendants' Motion to Compel is denied as moot because Defendants sought to compel JPMorgan Chase Bank, N.A. to produce documents. As the January 3, 2014, letter from JPMorgan Chase Bank, N.A. described above evidences, JPMorgan Chase Bank, N.A. is giving Defendants exactly what Defendants were seeking to compel.

## IV.  CONCLUSION

Accordingly, and for the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Reconsideration/Rehearing of 12/18/13 Order Consolidated with Motion to Appoint Attorney, etc. (Docket #242) and Defendants' Supplemental Motion for Rehearing/Reconsideration (Docket #244).  In addition, the Court DENIES AS MOOT Defendants' Motion for Order to Compel (Docket #243)

IT IS SO ORDERED.

                                                             S/Lawrence P. Zatkoff
                                                            LAWRENCE P. ZATKOFF
                                                            United States District Judge

Dated: January 22, 2014