UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL BISCHOFF and
SUZANNE M. LATOUR BISCHOFF,

        Defendants.
_____/

Case No. 95-80889

Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on February 6, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

On February 3, 2014, Defendants filed a Motion for Clarification (Docket #256). Defendants seek various forms of relief based on the following language in the Court's January 22, 2014 Opinion and Order that:

2.    If, however, the Court determines (after receiving input from the Government on or before February 11, 2014) that Defendants provided, on or before February 7, 2014, **both the Government and the Court** with all the documents Defendants were ordered to produce in the March 1, 2013 Order issued by Magistrate Judge Komives (as affirmed by this Court on March 25, 2013), the Court shall enter an Order that Defendants will not have to serve the terms of incarceration set forth in part 1.A. and part 1.B. above. Absent the issuance of such an Order by the Court, Defendants must report to the United States Marshal Service as set forth in Paragraph 1 above. In order to be clear, to avoid serving the terms of incarceration set forth in part 1.A. and part 1.B. above, Defendants must produce **to the Government and the Court** on or before February 7, 2014, all the documents Defendants were ordered to produce in the March 1, 2013 Order issued by Magistrate Judge Komives (as affirmed by this Court on March 25, 2013) and all such documents must be produced in compliance with the terms set forth by Magistrate Judge Komives in his March 1, 2013 Order (including, among other things, the requirement that many of the documents must be executed under penalty of perjury). Such documents include, but

<u>are not necessarily limited to</u>, ALL of the documents listed below:

    A.    Defendant Suzanne M. Latour Bischoff must produce a "Financial Statement of Debtor;" and

    B.    Either Defendant or both Defendants must:

"[1] identify by name and federal tax identification number the corporations they testified on November 27, 2012 [they] own or hold [for] the twelve pizza outlets referred to in the testimony; identify those outlets by name and location; [2] specify the extent and nature of their ownership interest in and involvement with any such corporation, individually and together and, by extension, any such outlet(s); [3] identify which corporation(s) own which outlet(s); [4] disclose all receipts and disbursements in whatever form for calendar year 2012 for each outlet; and [5] disclose whatever money or property, in whatever form or however characterized, either or both of them received or became entitled to receive during 2012 from any such corporation(s) or pizza outlet(s)[.]"

Defendants contend that the underlined language constitutes a new or different requirement imposed by the Court because the Court's December 18, 2013 Opinion and Order simply said that Defendants had to produce "ALL of the documents listed" in parts A. and B., and did not include the language "but are not necessarily limited to."

Once again, Defendants' motion appears to be a misplaced attempt to delay their obligation to produce documents. Most significantly, although the language "but are not necessarily limited to" the documents listed in parts A. and B. was not included in the December 18, 2013 Opinion and Order, Defendants ignore that the Court has consistently stated and required that Defendants produce "all the documents Defendants were ordered to produce in the March 1, 2013 Order issued by Magistrate Judge Komives (as affirmed by this Court on March 25, 2013)." *See* the First Sentence of Part 2. above. *See also*: (1) the January 22, 2014, Opinion and Order of this Court (Docket #251), (2) the December 18, 2013, Opinion and Order of this Court (Docket #240), (3) the October 18,

2013, Opinion and Order of this Court (Docket #234), (4) the March 25, 2013, Opinion and Order of this Court (Docket #215), and (5) the March 1, 2013, Order issued by Magistrate Judge Komives (Docket #208).

The documents listed in parts A. and B. are not the only documents that were ordered to be produced in the March 1, 2013, Order issued by Magistrate Judge Komives. Therefore, in an effort to make clear to Defendants that they had to produce all of the documents required pursuant to the March 1, 2013, Order, the Court included the words "but are not limited to" in the January 22, 2014, Opinion and Order. No new or additional documentation is required of Defendants pursuant to the January 22, 2014, Opinion and Order; rather, Defendants are still obligated to produce exactly the same documentation that they were ordered to produce over 11 months ago - and have been given repeated opportunities to produce since March 1, 2013. Therefore, the Court denies Defendants' request for an extension of time to produce information and documentation, among other things set forth in their motion for clarification.

Accordingly, and for the reasons set forth above, Defendants' Motion for Clarification (Docket #256) is DENIED.

IT IS SO ORDERED.

                                                    S/Lawrence P. Zatkoff
                                                    LAWRENCE P. ZATKOFF
                                                    United States District Judge