**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 95-80889

v.

                                         Hon. Lawrence P. Zatkoff

MICHAEL BISCHOFF and
SUZANNE M. LATOUR BISCHOFF,

                Defendants.
_____/

**OPINION AND ORDER**

        AT A SESSION of said Court, held in the
        United States Courthouse, in the City of Port Huron,
        State of Michigan, on February 13, 2014

        PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
                     UNITED STATES DISTRICT JUDGE

On January 22, 2014, the Court issued an Opinion and Order that stated, if Defendants did not produce certain documents to the Court and the Government on or before February 7, 2014, Defendant Michael Bischoff had to report to the U.S. Marshals on February 14, 2014, for a 30-day term of incarceration and that Defendant Suzanne M. LaTour Bischoff had to report to the U.S. Marshals on March 21, 2014, for a 30-day term of incarceration. The potential terms of incarceration were based on the Court's earlier finding that Defendants were in civil contempt.

The Court and the Government have received a number of documents from Defendants since the Court issued the January 22, 2014, Opinion and Order, and the Court hereby GRANTS Defendants' Motion to Add Additional Exhibits Instanter, etc. (Docket #258). After review of all documents and information submitted to the Court and the Government by Defendants, and for the reasons set forth in the Government's February 11, 2014, Supplemental Brief, the Court finds that

Defendants still have not supplied the Court and the Government with many of the documents required. Accordingly, the Court concludes that Defendants Michael Bischoff and Suzanne M. LaTour Bischoff shall remain under Order to report to the U.S. Marshals at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan 48226, as previously directed by this Court.

The Court notes again that Defendants have been found to be in civil contempt–not criminal contempt. Therefore, Defendants' respective terms of incarceration are conditional–and are *not* definite, such that:

(1)   Defendants could have avoided the term(s) of incarceration completely if all of the required documents and information were produced by February 7, 2014–or even February 14, 2014, prior to Defendant Michael Bischoff's report time, and

(2)   the term(s) of incarceration will immediately terminate upon compliance with the Court's order by submission of all documents and information specified by the Court.

In other words, if Defendant Michael Bischoff must commence his term of incarceration, such term will be truncated (and Defendant Suzanne M. LaTour Bischoff's term of incarceration need not be served) if at any time before Defendant Michael Bischoff's 30-day term concludes, Defendants produce to the Court and the Government all required documents and information.

Likewise, even if Defendant Michael Bischoff serves the entirety of his 30-day term of incarceration, Defendant Suzanne M. LaTour Bischoff can completely avoid serving her 30-day term of incarceration if all required documents and information is produced to the Court and the Government prior to March 21, 2014. Alternatively, her 30-day term of incarceration will be

truncated if all such documents and information are produced after her term of incarceration commences but prior to its conclusion.

    IT IS SO ORDERED.

                                                    S/Lawrence P. Zatkoff  
                                                    LAWRENCE P. ZATKOFF  
                                                    United States District Judge

Dated: February 13, 2014