UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL BISCHOFF and
SUZANNE M. LATOUR BISCHOFF,

       Defendants.
       _____/

Case No. 95-80889

Hon. Lawrence P. Zatkoff

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on February 20, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Presently before the Court is Defendants' Motion for Reconsideration (Docket #262) of the Court's February 13, 2014, Order.

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LR 7.1(h)(3).

For purposes of this Opinion, the Court will assume as true Defendants' contentions in the Motion for Reconsideration, including that Defendants' tax returns were filed. Even if the Court makes those assumptions, however, "correcting the defect will [NOT] result in a different disposition of the case." It will not result in a different disposition because there are still other documents and information that have not been submitted to the Court in a manner that complies with the Orders of this Court, as set forth repeatedly by the Court in its prior Opinions and Orders.

Accordingly, and for the reasons set forth above, the Court hereby DENIES Defendants' Motion for Reconsideration (Docket #262).

In addition, the Court notes that, in this case, Defendants have repeatedly and consistently failed to produce the documents and information required by the Government and this Court. Instead, Defendants occasionally have produced documents and information they contended satisfied what was required of them. During all of this time, the Court has not been advised that the parties have gotten together to try to work out exactly what the Government needs Defendants to provide. As a result, the parties continue to flounder through this process and continuously inundate the Court with filings and requests asking the Court to take action. This is not productive, as the Court does not have the documents and information required before it, nor does the Court have a vested interest in obtaining such documents. The Court also notes that, now that the Government has been notified that Defendants' tax returns (or some of them) have been filed, the Government should be able to verify the information on the filed tax returns. Moreover, it seems to the Court that the Government should be able to determine whether the tax returns at issue were filed by contacting the Internal Revenue Service to determine if the returns were filed, and if they were, what information such returns contain.

Accordingly, in order to further the interests of justice, including the efficiency of the Court's

docket, and to accelerate the process by which the Government can obtain the documents and information it wants and Defendants can clearly understand what it is that the Government needs, the Court ORDERS the parties to meet at the offices of the United States Attorney in Detroit, Michigan, on or before March 5, 2014.  At that meeting, the Government's attorney shall explicitly identify for Defendants what documents and information the Government still needs from Defendants,[1] and Defendants shall use the meeting as an opportunity to explain to the Government how the documents and information submitted to the Government satisfies the Court's Orders.  The parties shall work together to attempt to resolve this matter at that meeting, including going through the documents and information provided by Defendants and specifically determining and identifying what, if any, documents and information Defendants must produce at the conclusion of such meeting.

    IT IS SO ORDERED.

S/Lawrence P. Zatkoff<br>LAWRENCE P. ZATKOFF<br>United States District Judge

Dated: February 20, 2014

---

[1] It would be helpful to a resolution of this matter if the Government can inform Defendants at the meeting how the foot-high stack of financial information from JPMorgan Chase Bank satisfies or does not satisfy what Defendants must produce to comply with the writs of garnishment and subpoena from which that the present matter stems.  Likewise, Defendants should come to the meeting prepared to explain how the foot-high stack of financial information from JPMorgan Chase Bank contains information that satisfies the document and information requirements of the writs of garnishment, the subpoena and the Orders of this Court.